IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA BRONDOU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:24-cv-1539 |
| | § | |
| DOSTUFF MEDIA, LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jessica Brondou ("Plaintiff") files this Original Complaint against DoStuff Media, LLC ("Defendant"), showing in support as follows:

## I.  NATURE OF THE CASE

1.  This is a civil action brought by Plaintiff pursuant to the federal Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, as amended, ("ADA").

2.  Shortly after Defendant hired Plaintiff in January 2024, Plaintiff informed Defendant that she had been diagnosed with breast cancer and requested reasonable accommodations relative thereto. Less than two weeks after Plaintiff informed Defendant of her cancer diagnosis and requested reasonable accommodations, Defendant terminated Plaintiff's employment, or alternatively rescinded Plaintiff's employment offer.

3.  Defendant violated the ADA by discriminating against Plaintiff because she had breast cancer and/or because she requested reasonable accommodations relative to that disability. Furthermore, Defendant violated Plaintiff's ADA rights by not considering and/or permitting reasonable accommodation(s) including time off for cancer related medical appointments, tests, and/or procedures and/or remote work. Finally, Defendant retaliated against Plaintiff in violation

of the ADA by terminating Plaintiff's employment, or alternatively, revoking Plaintiff's offer of employment.

4.      Plaintiff seeks all damages and relief available pursuant to the ADA, including back pay, front pay, reinstatement, compensatory damages, punitive damages, reasonable legal fees, costs, expert witness fees, pre-judgment interest, and/or post-judgment interest.

## II.    THE PARTIES, JURISDICTION, AND VENUE

### A.    Plaintiff Jessica Brondou

5.      Plaintiff is a natural person. Plaintiff is a resident of Williamson County, Texas.

### B.    Defendant DoStuff Media, LLC

6.      Defendant is a domestic for-profit limited liability company.

7.      Defendant is registered with the Texas Secretary of State to transact business in Texas.

8.      Defendant's principal place of business is 2200 South Lamar Boulevard, Suite L, Austin, Texas 78704.

9.      Defendant may be served with summons and a copy of this document through its registered agent, Scott Owens, 2200 South Lamar Boulevard, Suite L, Austin, Texas 78704.

### C.    Jurisdiction and Venue

10.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

11.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the ADA.

12.     Jurisdiction and venue are proper in this Court because Defendant's principal place of business is in Travis County, Texas.

### III.    <u>FACTUAL BACKGROUND</u>

13.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

14.    Defendant's business operations promote local events and provide tools to people to discover and attend live events. Those business operations include creating and managing experiential events and digital content and partnering with brands, venues, and communities to connect people through shared experiences. Defendant has and conducts business operations in many cities including Austin, Texas, Boston, Massachusetts, Chicago, Illinois, Dallas, Texas, Denver Colorado, Houston, Texas, Indianapolis, Indiana, Kansas City, Missouri, Los Angeles, California, Louisville, Kentucky, Nashville, Tennessee, New York, New York, Philadelphia, Pennsylvania, Portland, Oregon, San Antonio, Texas, Seattle, Washington, St. Louis, Missouri, San Diego, California, and San Francisco, California.

15.    Plaintiff applied for employment with Defendant on or about December 5, 2023. Thereafter, Plaintiff had four interviews with Defendant. Those interviews occurred on or about December 8, 2023, December 13, 2023, December 19, 2023, and December 21, 2023.

16.    On or about January 4, 2024, Defendant offered Plaintiff employment with the job title of Live Events Business Development Representative. Plaintiff immediately accepted that employment offer. Defendant told Plaintiff that the effective date of employment was January 10, 2024.

17.    Plaintiff's report date with Defendant was on or about January 10, 2024. Defendant provided Plaintiff with a DoStuff Media.com e-mail address no later than January 14, 2024.

18.    On or about January 9, 2024, Plaintiff notified Defendant that she had been diagnosed with breast cancer. Plaintiff provided that notification via text message to Ms. Mariah McQuate, who was Defendant's "Director of People Operations."

19.     On or about January 10, 2024, Plaintiff texted Ms. McQuate and asked if Defendant would agree to delay her report date by approximately one week. On that same day, Ms. McQuate responded by text stating that Defendant agreed to delay Plaintiff's report date to Tuesday, January 16, 2024.

20.     On or about Sunday, January 14, 2024,  Plaintiff emailed Ms. McQuate and another employee of Defendant named Ashely Carpenter, who was Defendant's Director of Sales Operations, from Plaintiff's DoStuff Media.com e-mail address and advised that she would be receiving care at MD Anderson Cancer Center in Houston, Texas, had been scheduled for medical care there starting on Tuesday, January 16, 2024, and that medical professionals asked her to stay in the Houston area for a few days thereafter. Plaintiff also asked Ms. McQuate and Ms. Carpenter if she could do remote work for Defendant.

21.     On or about Monday, January 15, 2024, Ms. McQuate emailed Plaintiff at her DoStuff Media.com e-mail address and stated that Defendant agreed for Plaintiff's report date to be Monday, January 22, 2024.

22.     On or about Friday, January 19, 2024, Ms. McQuate emailed Plaintiff at her DoStuff Media.com e-mail address and asked how Plaintiff was doing and feeling. On or about Saturday, January 20, 2024, Plaintiff responded to Ms. McQuate's message from her DoStuff Media.com e-mail address and stated she had returned to Austin, Texas on Friday, January 19, 2024. In that same email, Plaintiff informed Ms. McQuate that she expected to have several medical appointments, tests, and/or procedures and that her doctors had not yet determined if she would need chemotherapy or radiation. More specifically, Plaintiff informed Ms. McQuate of the following appointments, tests, and/or procedures relative to her cancer treatment:

a.   January 25, 2024 – Plaintiff needed to meet with her doctors in Austin, Texas.

b. January 31, 2024, Plaintiff had a medical appointment in Houston, Texas, and needed to arrive there on January 30, 2024.

c. February 8, 2024, Plaintiff had a medical appointment in Houston, Texas, and needed to arrive there on February 7, 2024.

d. February 12, 2024 – telehealth visit.

e. February 13, 2024 - telehealth visit.

f. February 14, 2024 - telehealth visit.

g. February 26, 2024 – pre-surgical in Houston, Texas, and needed to arrive there on February 25, 2024.

h. February 27, 2024 – scheduled for cancer surgery in Houston, Texas.

23.    On or about January 22, 2024 at approximately 8:43 a.m., Plaintiff texted Ms. McQuate confirming that she was still reporting for work on that day. Ms. McQuate responded by telling Plaintiff to "hold off" on starting that day, and that she needed to talk with "Ashley" and Defendant's Chief Operating Officer "Kristin."

24.    On or about January 22, 2024 at approximately 4:29 p.m., Ms. McQuate emailed Plaintiff at her DoStuff Media.com e-mail address and informed Plaintiff that Defendant was terminating Plaintiff's employment and/or revoking Plaintiff's employment offer.

25.    On or about January 12, 2024, Defendant issued Plaintiff an earnings statement paying her for 21.67 hours totaling gross pay of $520.83. Defendant withheld FICA employee payroll taxes from that gross pay.

26.    Plaintiff's growth of cancer cells inhibited her normal cell growth. Plaintiff's breast cancer was a disability.

27.    Plaintiff was regarded as disabled by Defendant and/or had a record of disability because Defendant knew of her cancer diagnosis.

28.    Plaintiff could, with or without reasonable accommodation, perform the essential functions of the Live Events Business Development Representative employment position with Defendant.

29.    At the time Defendant terminated Plaintiff's employment, or alternatively, revoked Plaintiff's employment offer, Plaintiff had cancer, which is a qualifying disability under the ADA. Defendant was aware that Plaintiff had cancer at the time it terminated Plaintiff's employment, or alternatively, revoked Plaintiff's employment offer. At all times relevant, Plaintiff was qualified for the Live Events Business Development Representative employment position with Defendant. Plaintiff was subjected to an adverse employment decision and action on account of her cancer and/or requests for accommodations, namely the termination of her employment by Defendant, or alternatively, the revocation of her employment offer by Defendant. Furthermore, Defendant violated Plaintiff's ADA rights by not considering and/or permitting reasonable accommodation(s) including time off for Plaintiff's cancer related medical appointments, tests, and/or procedures and/or remote work. Furthermore, Defendant retaliated against Plaintiff after she informed Defendant of her cancer diagnosis and accommodation requests relative to same.

30.    Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") on May 7, 2024. That charge of discrimination included ADA claims. On December 10, 2024, the EEOC issued Plaintiff a dismissal of the charge and notice of right to sue letter. Plaintiff exhausted her administrative remedy requirements prior to filing this lawsuit.

## IV.    <u>CONTROLLING LEGAL RULES</u>

31.    "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

32.    "Covered entity means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).

33.    "Employer means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person … ." 42 U.S.C. § 12111(4).

34.    "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

35.    Under the ADA, "disability" means, with respect to an individual, a physical or mental impairment that substantially limits one or more major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1). "[C]ancer is considered to be an impairment that substantially limits the major life activity of normal cell growth." *Trcka v. Atzenhoffer Chevrolet Co., Inc.*, No. 6:21-CV-00035, 2023 WL 2672818, at *3 (S.D. Tex. Mar. 27, 2023) (citing 29 C.F.R. § 1630.2(j)(3)(iii); *Norton v. Assisted Living Concepts, Inc.*, 786 F.Supp.2d 1173, 1185 (E.D. Tex. 2011)).

36.    Under the ADA, the term "discriminate" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that

the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(5)(A).

37.     Under the ADA, the term "discriminate" includes "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112.

38.     "Time off, whether paid or unpaid, can be a reasonable accommodation [under the ADA]." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017).

39.     "The ADA prohibits an employer from discriminating against a qualified individual on the basis of disability by, among other things, terminating the individual's employment." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 (5th Cir. 2016) (citing 42 U.S.C. § 12112(a) (brackets and quotations omitted)).

40.     "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."  42 U.S.C. §12203(a).

41.     "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b).

## V.    **ADA CLAIMS**

42.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43.     Defendant is an employer and is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

44.     At times relevant, Plaintiff suffered from cancer, which is a disability pursuant to the ADA.

45.     At all times relevant, Plaintiff was able to perform the essential functions for the position of Live Events Business Development Representative with Defendant.

46.     Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment. Alternatively, Plaintiff suffered an adverse employment action when Defendant rescinded its offer of employment to Plaintiff. Alternatively, Plaintiff suffered an adverse employment action when Defendant refused to employ Plaintiff.

47.     As described above, Defendant's actions and practices constitute unlawful discrimination under the ADA because of Plaintiff's disability, because Plaintiff was regarded as disabled, and/or because Plaintiff had a record of disability.

48.     As described above, Defendant's actions and practices constitute unlawful discrimination under the ADA because Defendant failed to consider and/or provide reasonable accommodations for Plaintiff.

49.     As described above, Defendant's actions and practices constitute unlawful retaliation in violation of the ADA.

50.     Defendant's actions and practices that discriminated against Plaintiff and/or retaliated against Plaintiff were intentional.

51.    Because of Defendant's actions and practices, Plaintiff has suffered, and continues to suffer, damages.

## VI.    <u>JURY TRIAL DEMANDED</u>

52.    Plaintiff demands a trial by jury.

## VII.    <u>DAMAGES AND PRAYER</u>

53.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff be awarded judgment against Defendant and/or order(s) from the Court for the following:

    a.    All damages and relief allowed by the ADA,

    b.    Back pay, including lost wages and other employment benefits,

    c.    Front pay, including wages and other employment benefits,

    d.    Reinstatement,

    e.    Compensatory damages, including, but not limited to, mental anguish damages,

    f.    Punitive damages,

    g.    Reasonable legal fees,

    h.    Costs,

    i.    Expert witness fees,

    j.    Pre- and post- judgment interest, and/or

    k.    All other legal and/or equitable relief to which Plaintiff is justly entitled.

Date: December 17, 2024.

Respectfully submitted,

By:    <u>s/ Allen R. Vaught</u>
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966

*Plaintiff's Original Complaint – Page* 10

Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF